The -opinion of the court was delivered by
Duncan, J.
The foundation of this action is a sealed instrument. The contract is a specialty. The party’s remedy is on that instrument. In á course of administration it is a debt of a higher grade than simple promise or assumption. This is an action against the defendants in error in their representative character, and not in their private capacities. Their liability to the plaintiff and their promise is by them as executors. The judgment would be de bonis testatoris, and not de bonis propriis. There' is no consideration moving from the plaintiff to the defendants. There is no injury to the plaintiff, or disadvantage, nor any benefit to the defendants. There is ño promise by a third person to discharge the obligation, for it is a promise not changing the debt, ñor giving á new debtor.' It creates no new responsibility. It is distinguishable from Clark v. Herring, 6 Binn, which lays the promise by the executor not as executor, but a personal promise of the execütor in consideration of assets, in which the judgment was de bonis propriis; but where the promise is laid to be by the defendant, executor as aforesaid, in such case a promise' made by the testator, may be joined in a separate count, because the judgment in both cases would be the same. Perry v. Boileau, decided at the last session of this court, at Pittsburg, and this is the hinge on which this c[üestioñ turns. For did the assumption create a£ new responsibility, the action could be supported; but the promise here is laid by the executors as aforesaid. Their plea of non aé* *321 sumpserunt is, that they did not promise as executors. They might have pleaded plene adrninistraverunt, and the judgment would be de bonis testatoris. Whitaker v. Whitaker, 8 Johns. 112. So that in fact, this action is on the sealed instrument of the testator, is against the executors as executors. The promise néither changes the nature of the debt, nor gives any new responsibility; the declaration, pleas, and judgment, demonstrate this. In the case of Clark v. Herring, there is a general dictum of Mr. Justice Yeates, that “ where one is bound in an obligation, and after-wards promises to pay the money, assumpsit will lie on this promise.” The authorities to which the learned judge refers are, Cro. Eliz. 240, and Cro.- Car. 343. As a general position, I cannot assent to thi§, unless there is a new consideration, as forbearance, and the verdease in Cro. Car. takes this distinction, and .the law is well settled, that if the obligor in a bond, without any new consideration, promises to pay the money, assumpsit will no£ Jie, but the obligee must still pursue his remedy by action of debt, for a naked assumption made by a man to pay his own bond, cannot change a specialty into a simple contract; the promise made by a third person would be sufficient. Cowp. 129.
The action for use and occupation lies on a parol demise, or agreement, for a certain rent, not being by deéd, but that remedy is given by statute, 11 G. 2 c. 19, s. 14. and even before the statute, when there was no stipulation for any express sum, that action was maintainable. Mason v. Welland Skinn. 238. 3 Mod. 73, and in Lev. 179, it was decided, that assumpsit will lie on an express promise to pay rent, where there is no deed. So where,the obligor of a respondentia bond by indorsement thereon, agreed to pay it to any assignee, it was determined that the assignee might bring assumpsit. Fenner v. Meares, 2 Bl. Rep. 1269. So, on a bond not assigned according to the act of assembly, a promise by the obligor to pay the assignee, would support assumpsit, because there is introduced a third person, who has no cause of action in his own name; the contract to pay him is by parol.
The Court of Common Pleas properly rejected the bond. In no stage of the cause could it be evidence on a declaration framed as this was. There was neither new consideration, nor responsibility. It is that which an executor would do when called on. “ I will pay you this debt out of the assets of my testator.” This cannot change the nature of the debt, and sink a bond or judgment into simple contract.
The promise by these defendants as executors left the contract just as it found it. They entered into no new contract. The undertaking between the plaintiff and their testator was by deed, on which covenant must be brought. The general issue is non assumpserunt, which denies that they took upon them to pay that with which they are charged in the declaration. This action does not charge them with any debt: for if a man on a simple contract *322 was charged with a debt, he would discharge it by law wager, and for this reason it was, recourse was had to the action of assumpsit. That charges a person with damages for not performing that promise on which the plaintiff depended, and this being a charge that supposes a deceit or injury, there was no law wager allowed. But upon an assumpsit, framed on no new consideration, introducing no responsibility of a third person, the covenant under hand and seal was no evidence. There was no new consideration, the introduction of no new promisor; for the executors’promise was merely representative: there was no benefit to the promisors: there was no detriment to the promisee, which is the definition of the consideration necessary to support an action of assumpsit. The judgment is, therefore, affirmed.
Judgment affirmed.